IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

IN RE:                              )
                                    )
DONNA SUE CHRISS-PRICE,              )    CASE NO. 306-00675
                                    )
        Debtor.                      )    CHAPTER 13
                                    )
                                    )    JUDGE GEORGE C. PAINE, II
                                    )

_____

**MEMORANDUM OPINION**
_____

This matter is before the Court upon the Trustee's objection to confirmation of the debtor's plan. For the following reasons, which represent the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, the Court finds that the Trustee's objection should be overruled and that the debtor's plan should be confirmed as proposed.

**I. BACKGROUND**

The relevant facts are stipulated by the parties. The debtor worked three jobs during the six months prior to filing her bankruptcy petition. At the time of the bankruptcy filing, the debtor was and is to this day only working one job for medical reasons. The debtor's paycheck stubs were introduced into evidence. In addition, three doctors provided

statements corroborating that the debtor can only work a regular 40-hour week due to health issues.

Pursuant to the debtor's Statement of Current Monthly Income, Official Form B22C, the disposable income to be paid to the unsecured creditors would be $26,752. According to Schedules I & J, the dividend to unsecured creditors would be $10,751[1] or 13%.

## II. DISCUSSION

The issue in this case is whether the "disposable income" as determined by the debtor's Statement of Current Monthly Income is the same as the "projected disposable income" as used in 11 U.S.C. § 1325(b)(1)(B). Practically, the question is whether the debtor is required to pay $26,752 (based solely on historical figures) or $10,751 (based on the debtor's future prospects) to unsecured creditors. Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter "BAPCPA"), this is an issue of first impression in this Court.

Pursuant to 11 U.S.C. § 1325(b)(1), if the Chapter 13 Trustee or an unsecured creditor objects to confirmation of a debtor's proposed Chapter 13 plan, the Court may only confirm

---

[1] The written stipulations indicate that the dividend to unsecured creditors would be $8543. However, at the hearing, the parties orally stipulated that the correct amount would be $10,751 pursuant to 11 U.S.C. § 1325(a)(4).

the plan if it proposes to pay the full amount of the creditor's claim or "provides that all of the debtor's projected disposable income . . . will be applied to make payments to unsecured creditors under the plan." Disposable income is specifically defined in 11 U.S.C. § 1325(b)(2) as "current monthly income received by the debtor" less specific expenses detailed in Official Form B22C. "Current monthly income" is defined in 11 U.S.C. § 101(10A) as the debtor's income for the six-month period preceding bankruptcy.

In interpreting a new statute, the Court must begin with the language of the statute itself. ***United States v. Health Possibilities, P.S.C.,*** 207 F.3d 335, 338-39 (6th Cir. 2000). Where the language of the statute is plain, the Court's sole function is to enforce the statute according to its terms. ***Vergos v. Gregg's Enter., Inc.*** 159 F.3d 989, 990 (6th Cir. 1998) (citations omitted). The Court's inquiry should stop there unless the "text is ambiguous or when, although the statute is facially clear, a literal interpretation would lead to internal inconsistencies, an absurd result, or an interpretation inconsistent with the intent of Congress." ***Id.***

In looking at the language of a statute, the Court must consider two important assumptions: (1) the Court must give meaning and import to every word, and (2) the Court must presume that "'Congress acts intentionally and purposefully when it includes particular language in one section of a statute but omits it in another.'" ***BFP v. Resolution Trust***

3 - U.S. Bankruptcy Court, M.D. Tenn.

*Corp.,* 511 U.S. 531, 537 (1994) (quoting *Chicago v. Envtl. Defense Fund*, 511 U.S. 328, 338 (1994)).

The Court believes that the language of 11 U.S.C. § 1325(b)(1)(B) is unambiguous. "Disposable income" is defined by 11 U.S.C. § 1325(b)(2), and 11 U.S.C. § 1325(b)(1)(B) addresses "***projected*** disposable income." (Emphasis added). The term "projected" must be given independent significance in order to give it meaning and import. "Projected" is defined as "[t]o calculate, estimate, or predict (something in the future), based on present data or trends." ***The American Heritage Dictionary of the English Language*** (4th ed. 2000). In other words, the word "projected" refers to the future; "disposable income," as defined by 11 U.S.C. § 1325(b)(2), is based on historical numbers. By placing the word "projected" in front of "disposable income," Congress modified the significance of "disposable income," implying that the Court must consider both future and historical finances of a debtor in determining compliance with 11 U.S.C. § 1325(b)(1)(B).

To require all debtors to propose plans paying the number resulting from Official Form B22C would essentially ignore the word "projected" and would only give meaning to the term "disposable income." The only way for the word "projected" to have independent significance is if the word modifies the term "disposable income" and does not cover precisely the same ground as "disposable income."

This interpretation is confirmed by the Court's requisite assumption that Congress intended to include the word "projected" in 11 U.S.C. § 1325(b)(1)(B), even though that word was omitted in 11 U.S.C. § 1325(b)(2). *See Gozlon-Peretz v. United States*, 498 U.S. 395, 404 (1991) (quoting ***Russello v. United States***, 464 U.S. 16, 23 (1983)) ("'where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion'").

This reasoning agrees with the few cases that have addressed this particular issue under BAPCPA. In ***In re Jass***, 340 B.R. 411 (Bankr. D. Utah 2006), the court held that a Chapter 13 debtor must propose to pay unsecured creditors disposable income as set forth in Official Form B22C unless the debtor can show that the number does not adequately represent the debtor's projected budget into the future. *Id.* at 418. Ultimately, after considering the proof, the court held that the debtors failed to present sufficient proof as to how recent medical bills and injuries would change their future disposable income. *Id.* at 419. ***See also In re Hardacre***, 338 B.R. 718, 723 (Bankr. N.D. Tex. 2006) ("projected disposable income" under 11 U.S.C. § 1325(b)(1)(B) "refers to income that the debtor reasonably expects to receive during the term of her plan").

Just as a debtor's economic circumstances may be significantly worse than reflected on the Official Form B22C, a debtor's income might have increased. Such a situation was addressed in *In re Kibbe,* 342 B.R. 411 (Bankr. D.N.H. 2006). In *In re Kibbe*, the debtor was underemployed, albeit involuntarily, for most of the six months prior to filing for bankruptcy. Shortly before filing, the debtor began a higher paying job, creating a large discrepancy between the current monthly income on her Official Form B22C and her actual current income. By giving import to the term "projected," the court held that 11 U.S.C. § 1325(b)(1)(B) required the debtor to contribute her actual disposable income. *Id.* at 415.

These cases illustrate the necessity of giving the term "projected" independent significance. Without giving meaning to "projected," a debtor, whose circumstances have changed for the worse, would be required to pay an amount of disposable income that is no longer available. On the flip side, a debtor, whose circumstances have changed for the better, would avoid paying the amount of disposable income that is presently available.

Accordingly, based on the unambiguous language of 11 U.S.C. § 1325 and the well-reasoned opinions in *In re Jass, In re Hardacre*, and *In re Kibbe*, this Court finds that "disposable income," as defined by 11 U.S.C. § 1325(b)(2), is not necessarily a debtor's "projected disposable income" for purposes of 11 U.S.C. § 1325(b)(1)(B). Thus, under 11 U.S.C. § 1325(b), a debtor must propose to pay unsecured creditors the number resulting

from Official Form B22C, unless the proof shows that this number does not adequately represent the debtor's budget projected into the future.

When the above reasoning is applied to the facts of this case, the debtor has presented undisputed proof that her disposable income as set forth in Official Form B22C is substantially different from and higher than her projected disposable income for reasons beyond her control.

### III. **CONCLUSION**

For all of the foregoing reasons, the Court finds that the debtor has committed all her projected disposable income to the plan. Therefore, the Trustee's objection to confirmation should be overruled and the debtor's plan should be confirmed.

The Trustee shall prepare an Order consistent with this Memorandum Opinion.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

7 - U.S. Bankruptcy Court, M.D. Tenn.

Case 3:06-bk-00675    Doc 18    Filed 07/05/06    Entered 07/05/06 16:46:36    Desc Main
Document    Page 7 of 7